FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 06, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DONALD BENJAMIN PEDERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SPOKANE VALLEY et al.<br><br>    Defendants. | No. 2:25-CV-00252-SAB<br><br>**ORDER GRANTING THE COUNTY DEFENDANTS' MOTION TO DISMISS** |

Before the Court is Defendants Spokane County and Spokane County District Court Clerk's (collectively the "County Defendants") Motion to Dismiss, ECF No. 15. Plaintiff is representing himself in this matter. The County Defendants are represented by Devin Curda. The motion was considered without oral argument.

## BACKGROUND

Plaintiff filed the initial Complaint on July 15, 2025, and the Amended Complaint on July 24, 2025. In the Amended Complaint, Plaintiff alleges that Defendant Spokane County Court Clerk "issued bench warrants based on Plaintiff's failure to appear—despite Plaintiff's timely attempt to reschedule and confusion regarding the hearing time."

## LEGAL FRAMEWORK

The County Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.

**ORDER GRANTING THE COUNTY DEFENDANTS' MOTION TO DISMISS #1**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(5), a plaintiff must demonstrate compliance with Federal Rule of Civil Procedure 4(h)(1). Under that Rule, a municipality must be served

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1). Under Rule 4(e)(1), a plaintiff may effectuate service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

This action was commenced in Eastern District of Washington within the state of Washington, and all Defendants were ostensibly served here. However, under Washington state law, if an "action is against any county in this state, [service may be made] to the county auditor or, during normal office hours, to the deputy auditor, or in the case of a charter county, summons may be served upon the agent, if any, designated by the legislative authority." RCW 4.28.080(1). Furthermore, under Washington law, in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued." *Nolan v. Snohomish Cnty.*, 59 Wash. App. 876, 883 (1990).

## ANALYSIS

Here, Spokane County is not a charter county, ECF No. 15, and Plaintiff served Defendant District County Clerk at the "county clerks [sic]

**ORDER GRANTING THE COUNTY DEFENDANTS' MOTION TO DISMISS #2**

1 window." ECF No. 10. Plaintiff does not appear to have served Defendant Spokane County at all. *See* ECF No. 10. Under Federal Rule of Civil Procedure 4 and RCW 4.28.080, Plaintiff was required to serve the Spokane County Auditor. Plaintiff's failure to do so meets the threshold for dismissal under Rule 12(b)(5). The Motion is **granted**.

Accordingly, **IT IS HEREBY ORDERED**:

1. The County Defendants' Motion to Dismiss, ECF No. 15, is **GRANTED**.

2. The Clerk of Court is directed to terminate Defendants Spokane County and Spokane County District Court Clerk.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, provide copies to Plaintiff and counsel.

**DATED** the 6th day of November 2025.



Stan Bastian
Chief United States District Judge

**ORDER GRANTING THE COUNTY DEFENDANTS' MOTION TO DISMISS #3**